UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEVIN R. ODOM** | **CIVIL ACTION** |
| **VERSUS** | **NO:    19-12160** |
| **ERICA SEVIN, ET AL.** | **SECTION: "E" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On September 17, 2019, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Summary**

    **A.    The Complaint**

The Plaintiff, Devin Ronzell Odom ("Odom"), is an inmate incarcerated in the Terrebonne Parish Correctional Justice Complex, Louisiana. Odom filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Deputy Erica Sevin, Deputy Dakota Fitch, Deputy Stephen Landry, Deputy Aaron Henry, Deputy Jared Rich, and Deputy Dillon Condetti of the Terrebonne Parish Sheriff's Office. Odom alleges that he was arrested, handcuffed then placed in the backseat of a patrol car. Odom alleges that the deputy shut the door and was outside of the car

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] R. Doc. 17. The plaintiff was sworn prior to testifying and the hearing was digitally recorded. The digital recording however could not be located.

and while the deputy was talking to a man, she allowed him to come around to the back door of the car. The man open it and punched Odem with a closed fist. Odom alleges that there were four officers were standing in the back of the same patrol car at the time he was punched in the face. He alleges that the officers failed to protect him and allowed him to be punched. Odom further alleges that the incident was capture on body camera.

### B. Supplemental Report

Odom provided a part of the police report which indicates that, at the time his arrest, Odom was a convicted felon. *See* R. Doc. 4-2, p. 7. He was arrested for simple burglary of an inhabited dwelling, resisting arrest by providing false information, theft of a firearm, and possession of a firearm by a convicted felon. Odom was found in a residential dwelling house by the police. Odom was placed in the back seat of a patrol vehicle with handcuffs behind his back. Deputy Fitch, while Sevin was retrieving the evidence bag, observed the owner of the house, Donald Scott, walking toward the patrol car and told him to step away, and instructed another deputy to lock the unit. However, Scott, walked to the side of the car where Odom was seat, opened the door, and hit Odom with an open hand grazing his face as he laid across to backseat.

Deputy Fitch, thereafter, grabbed Scott to remove him from the unit. While doing so Deputy Fitch slipped and injured his left thigh and knee. Fitch and Fire Chief Russel DiSalvo held Scott on the asphalt, after Scott failed to comply with a verbal command to quit resisting and to remove his hands and arms from under him. Fitch used the threat that he would use the taser if he did not stop resisting. Scott, thereafter, was placed in the rear passenger seat of Corporal Stephen Landry's police car. Scott was arrest and charged with resisting arrest, interfering with a police investigation, and simple battery. Chief DiSalvo was also injured during the incident when he jammed his right thumb.

## II.  Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.  Analysis

### A.  Terrebonne Parish Sheriff's Office

Odom has also named the Terrebonne Parish Sheriff's Office as a defendant in this action although he does not set forth any particular allegation against the office.

Pursuant to Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued is determined "by the law of the state where the Court is located." In this case, Louisiana law determines whether the Houma Police Department can be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3rd Cir. 2000). Louisiana law provides that "[a] juridical person is an entity to which the law attributes personality." La. Civ. Code art. 24. Louisiana law also provides that a city, not its police department, is a juridical entity capable of suing or being sued. *See* La. Rev. Stat. Ann. § 33:361; *see also Francois v. City of Gretna*, No. 13-2640, 2015 WL 846698, at *2 (E.D. La. Feb. 25, 2015).

Federal courts have consistently held that "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)); *see also Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Parish Sheriff Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006).

Because the Terrebonne Parish Sheriff's Office is not capable of being sued, it is not a proper party and the claims against it must be dismissed as frivolous or for failure to state a claim for which relief can be granted.

### B. **Corporal Stephen Landry**

Odom sued Deputy Landry for failure to protect. Landry, however, was the officer whom was instructed to place Scott, the home owner, in the back of his car after he punched Odom. Odom does not allege that Landry was present at the time he was assaulted by Scott or was even aware that Scott was coming to Sevin's police car to assault him.

There is a recognized substantive due process right for individuals to be free from bodily harm caused by the state, but as a general rule, there is no constitutional duty that requires state officials to protect persons from private harms. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). The Supreme Court in *DeShaney* recognized that there could be exceptions to this general rule. *Id.* One of these exceptions applies when there is a "special relationship" between the individual and the state. *Id.* This relationship is formed "[w]hen the state, through the affirmative exercise of its powers, acts to restrain an individual's freedom to act on his own behalf 'through incarceration, institutionalization, or other similar restraint of personal liberty'." *McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2002) (quoting *DeShaney*, 489 U.S. at 200). The state does have a constitutional duty to protect individuals in such relationship to the state from dangers, which in certain circumstances can include private violence. *McClendon*, 305 F.3d at 324. It is important to keep in mind that "section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)).

The right of a pretrial detainee to protection from violence is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). *See Hare v. City of Corinth*, 135 F.3d 320, 324 (5th Cir.1998). Pursuant to *Farmer,* a custodial officer is not liable for failing to protect a person in custody unless the officer knows of and disregards an excessive risk to the detainee's safety; negligence cannot form the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835. A plaintiff must show that the custodial officer was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that he actually drew the inference. *Id.*

In the instant case, Odom does not allege that Officer Landry was aware of facts from which an inference could be drawn that Scott presented a substantial risk of serious harm to Odom, and that he actually drew that inference. *See Farmer,* 511 U.S. at 837.

There is no allegation that Corporal Landry knew of but disregarded an excessive risk to Odom's safety.  Odom's claims against Corporal Landry for failure to protect fails to allege or any mention of what Landry did that resulted in Odom being punched by Scott. Accordingly, Odom's claims against the Stephen Landry should be dismissed with prejudice as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. § 1915 and § 1915A.

C.  **Deputy Sevin, Deputy Fitch, Deputy Rich, Deputy Condetti, and Deputy Henry**

Odom also contends that the remaining deputies, Fitch, Rich, Condetti, Sevin, and Henry, were behind the patrol car at the time he was punched by Scott, the homeowner of the house Odom was committing a burglary in.  The excerpted page of the police report attached by Odom to his complaint indicates that Fitch was approached by Scott who began talking to him and indicated that Odom had previously burglarized his residence while he was living in Ashland North.

 Fitch instructed Sevin to lock the doors and before Sevin could do so, Scott opened the door and open hand slapped Odom in the face.  The document also indicates that Fitch grabbed Scott in from the car at which time his foot slipped, and he injured himself.  A different officer stopped Scott from fleeing and after getting him to stop resisting, handcuffed him, and placed him in the back of a police car.

The Fifth Circuit has interpreted "deliberate indifference" to mean that the prison official "must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, he must draw the inference, and disregard the risk by failing to take reasonable measure to abate it."  *Clark v. Adams*, 233 F. App'x 400, 401 (5th Cir. 2007).  Negligence alone

or a "failure to act reasonably" is not sufficient to establish deliberate indifference. *See Laird v. Triche and Larpenter,* No. 11-1353, 2011 WL 4899943, at *5 (E.D. La. August 24, 2011) (citing *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003)). Rather, the officer must possess the "subjective intent to cause harm." *Mace*, 333 F.3d at 625.

Here, Odom does not allege any set of facts in which the inference could be drawn that Scott possessed a substantial risk of harm to him. There is also no allegation that when Fitch or the other officers concluded that Scott was a harm to him that they deliberately disregarded the risk by failing to take reasonable action to protect him. The facts submitted by Odom indicate that Fitch communicated out loud for the car doors to be lock, Sevin indicates at that time, she was getting her evidence bag out of the trunk of the car and the incident occurred before the doors could be locked.

Even if Odom's account that Sevin was standing up talking to him while he was in the back of the patrol car when Scott snuck up on him, this allegation alone is insufficient to state a claim against her. Again, he does not allege that she was aware that the owner of the house he had just robbed was so angry that he would sneak up on him and slap him in the face.

Moreover, Odom does not allege that he suffered any physical injury. He does, however, seek damages for pain and suffering and humiliation. He does not allege that he was taken to the hospital for any treatment and complained of any injury upon his intact at the jail. Consequently, Odom's complaint against Fitch, Rich, Condetti, Sevin, and Henry should be dismissed as frivolous for failing to state a claim for which relief may be granted.

### IV.  <u>Recommendation</u>

It is therefore **RECOMMENDED** that Devin Ronzell Odom's § 1983 claims against Deputy Erica Sevin, Dakota Fitch, Stephen Landry, Aaron Henry, Jared Rich, Dillon Condetti and

the Terrebonne Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915(A), and 42 U.S.C. § 1997(e).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this <u>4th</u> day of August 2020.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.